1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                  AT TACOMA

10   TOUCHPOINT COMMUNICATIONS,
     LLC, an Oregon Limited Liability
11   Company, d/b/a WEO MEDIA, LLC,          CASE NO. 3:15-cv-05240-JRC

12                      Plaintiff,            ORDER ON PLAINTIFF'S
                                              MOTION TO DISMISS IN PART
13          v.                                COUNTERCLAIMS

14   DENTALFONE, LLC, a Florida Limited
15   Liability Company.

16                      Defendant.

17

18          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

19   Local Magistrate Judge Rule MJR 13 (*see also* Joint Status Report, Dkt. 17, p. 3). This

20   matter has been fully briefed (*see* Dkt. 27, 32, 33; *see also* Request for Judicial Notice by

21   Counter Defendant, Dkt. 34).

22          After considering and reviewing the record, the Court concludes that defendant

23
     has failed to distinguish what trade dress is being protected outside of its copyright claim
24

and appears to claim copyright protection for the same design that entails its trade dress. Because defendant has not demonstrated the absence of an adequate remedy based on copyright law and because a trade dress claim should be clearly articulated in order to give a defendant sufficient notice, defendant's Count II counterclaim is dismissed without prejudice. Regarding defendant's state law counterclaims, defendant has incorporated all of its federal copyright claims into each of the state law counterclaims demonstrating that the work at issue, mobile applications and/or websites, comes within the subject matter of copyright. In addition, although the elements of defendant's state law claims may not be identical to the copyright claim, the underlying nature of defendant's state law claims is part and parcel of a copyright claim for preemption purposes, and the Court finds that the few additional allegations do not change the underlying nature of the action.

Therefore, the Court grants plaintiff's Motion to Dismiss in part defendant's counterclaims, and hence, Counts II, IV, V and VI are dismissed without prejudice.

Because defendant should be given the opportunity of articulating its claim, defendant is granted leave to amend its counterclaim within twenty-one days after entry of this Order (Fed. R. Civ. P. 15(a)(2)), if it can do so by alleging sufficient facts under a cognizable legal theory other than copyright. If defendant fails to file an amended counterclaim within that time, the Clerk of Court is directed to dismiss those counterclaims with prejudice at that time.

<u>BACKGROUND</u>

The following background information is taken from the parties' COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (*see* Dkt. 17, p. 2).

1    Plaintiff, TOUCHPOINT COMMUNICATIONS, LLC *d/b/a* WEO MEDIA, LLC

2    ("WEO"), is an Internet dental marketing company that conducts business in the State of

3    Washington, and is registered as "Touchpoint Communications, LLC" *d/b/a* WEO

4    Media. Touchpoint Communications, LLC is also registered and operates as WEO

5    Media, LLC in the State of Oregon.

6    Defendant, DENTALFONE, LLC, is an internet dental marketing company that

7    conducts business in the State of Washington, and is organized in the State of Florida.

8    Dentalfone sent WEO a cease and desist letter dated November 25, 2014, alleging,

9    *interalia*, copyright and trade dress infringement of Dentalfone's proprietary mobile

10   application design. Dentalfone never received any response from WEO. Dentalfone sent

11   WEO a follow-up letter dated March 4, 2015, a copy of which was also sent to

12   Washington based "Smiles Dental" as an alleged infringer of Dentalfone's rights. Once

13   more, Dentalfone did not receive any substantive response.

14   WEO initiated the subject case by filing a complaint for declaratory judgment

15   alleging that it has not infringed Dentalfone's copyrights and further that Dentalfone has

16   no copyrights in Dentalfone's mobile application design. In addition, WEO alleges that it

17   has not infringed Dentalfone's trade dress related to its mobile application design and

18   further that Dentalfone has no trade dress rights in Dentalfone's mobile application

19   design. WEO also alleges that Dentalfone has engaged in unfair trade practices by

20   attempting to unfairly remove competition from the marketplace through Dentalfone's

21   cease and desist letter to WEO, and follow-up letter to WEO and Smiles Dental. WEO

further alleges that when Dentalfone contacted Smiles Dental it tortuously interfered with the business relationship of WEO and one of WEO's customers.

PROCEDURAL HISTORY

Plaintiff filed its complaint on April 15, 2015 (*see* Dkt. 1) and its Amended Complaint on April 16, 2015 (*see* Dkt. 5). Defendant filed its Answer to Amended Complaint with Jury Demand, and Counterclaim against plaintiff on July 27, 2015 (*see* Dkt. 20). On August 14, 2015, plaintiff filed a motion to dismiss in part defendant's counterclaim for failure to state a claim, regarding Counts II, IV, V and VI (*see* Dkt. 27). Defendant has responded to plaintiff's motion, and plaintiff has replied (*see* Dkts. 32, 33; *see also* Request for Judicial Notice by Counter Defendant, Dkt. 34).

STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in favor of the non-moving party. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiffs' [or in the case of the counterclaim herein, defendant's] obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly, supra,*

550 U.S. at 545 (internal citations omitted).  "Factual allegations must be enough to raise

a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." *Id*. at 545.  In its counterclaim,

defendant must allege "enough facts to state a claim to relief that is plausible on its face."

*Id*. at 570.

DISCUSSION

Plaintiff/counter-defendant contends that some of the counter claims (Counts II,

IV, V and VI) should be dismissed as they are preempted by federal copyright law.

**1.  Count II – Trade Dress Infringement pursuant to the Lanham Act**

The "Lanham Act was intended to make 'actionable the deceptive and misleading

use of marks,' and 'to protect persons engaged in  .  .  .  .  commerce against unfair

competition.'" *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 28

(2003) (*quoting* 15 U.S.C. § 1127). A trade dress infringement claim "requires a showing

that plaintiff's trade dress is protected – *i.e.*, that it identifies the product source either by

being inherently distinctive or having secondary meaning – that it is not functional, and

that the defendant's trade dress is confusingly similar to the plaintiff's from the

prospective of consumers." *Salt Optics, Inc. v. Jand, Inc.*, 2011 U.S. Dist. LEXIS 156237

at *5 (C.D. Cal. 2011) (*citing* 15 U.S.C.  1125; *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505

U.S. 763, 769-60 (1992); *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252 (9th Cir.

2001)).

With respect to the claim for trade dress infringement pursuant to the Lanham Act (Count II), defendant/counter-plaintiff incorporates all of the allegations from its copyright claim (Count I) into this second claim (*see* Answer and Counterclaims, Dkt. 20, ¶ 53). Other than alleging irreparable injury, damage and no adequate remedy, defendant distinguishes this second claim from its copyright claim only by the following allegation:

> [Plaintiff's] unauthorized use of a trade dress for its infringing mobile applications and websites that is confusingly similar to the trade dress in the [Defendant's] Design constitutes trade dress infringement, false designation of original, false representation and false description, all in violation of Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(a), to the substantial and irreparable injury of the public and of [Defendant], including its business reputation and goodwill.

(*Id.*, ¶ 54).

Plaintiff contends that defendant has "merely provide[d] a 'formulaic recitation of the elements of a cause of action' of the type specifically prohibited under *Twombly*, [*supra,* 550 U.S. 544]" (Motion, Dkt. 27, p. 6). This contention has some merit. Additionally, although plaintiff admits that a website's "look and feel" theoretically could constitute protectable trade dress that would not impermissibly overlap with a copyright claim, plaintiff argues that defendant "provides no indication of what trade dress is being protected outside of its copyright claim; [] provides no facts that support the non-functionality of its phantom trade dress; and, [] provides no facts which show that there is any likelihood – or has been any actual – consumer confusion" (Reply, Dkt. 33, p. 7).

As noted in an analogous, albeit non-binding, case, a party claiming trade dress infringement "should clearly articulate its claimed trade dress to give a defendant sufficient notice." *Sleep Sci. Partners v. Lieberman*, 2010 U.S. Dist. LEXIS 45385 at *7

(N.D. Cal. 2010) (unpublished opinion) (*citing Walker & Zanger, Inc. v. Paragon Indus., Inc.,* 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007) (*citing Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115 (2d Cir. 2001) (other citation omitted))). Defendant alleges that the general "look and feel" of its mobile applications and/or websites utilizes its copyrighted design, (Answer and Counterclaims, Dkt. 20, ¶¶ 7, 8, 46) and alleges that defendant utilizes "a unique and proprietary home page design developed by [defendant] that embodies a protectable trade dress  . . . ." (*id.*, ¶ 18). Hence, it appears that the exact same copyrighted design that defendant uses for its mobile applications and/or websites "embodies" its alleged protectable trade dress. However, "[c]ourts have 'long limited application of the Lanham Act so as not to encroach on copyright interests." *Sleep Sci. Partners, supra*, 2010 U.S. Dist. LEXIS 45385 at *11 (*citing* 1 Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 1.01[D][2] (2005); *Dastar, supra*, 539 U.S. at 33 (declining to apply Lanham Act in a manner that would cause a "conflict with the law of copyright")).

The Ninth Circuit has "decline[d] to expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy." *Shaw v. Lindheim*, 919 F.2d 1353, 1364-65 (9th Cir. 1990). Although parallel claims are not *per se* impermissible, defendant here has not demonstrated that its "claim contains sufficiently distinct elements and allegations to avoid preemption by the Copyright Act." *Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, 2010 U.S. Dist. LEXIS 53775 at *8, (W.D. Wash. 2010) (unpublished opinion) (*citing Nintendo of Am., Inc. v. Dragon Pac. Int'l.*, 40 F.3d 1007, 1011 (9th Cir. 1994) (other citation omitted)).

The Court agrees with plaintiff's argument that defendant has failed to distinguish "what trade dress is being protected outside of its copyright claim" (Reply, Dkt. 33, p. 7). Because defendant claims copyright protection for the same design that entails its trade dress, and has not demonstrated the absence of an adequate remedy based on copyright law, this Court "declines to expand the scope of the Lanham Act to cover [defendant's trade dress claim herein] [for] which the Federal Copyright Act [may] provide[] an adequate remedy." *Shaw, supra*, 919 F.2d at 1364-65. Count II is dismissed without prejudice. If defendant "intends to maintain an Lanham Act claim based on its website's 'look and feel,' in addition to articulating clearly the website features that comprise its alleged trade dress, [it] must plead a 'look and feel' that does not fall under the purview of the Copyright Act." *Sleep Sci. Partners, supra*, 2010 U.S. Dist. LEXIS 45385 at *10, *13. Defendant is granted leave to file an amended counterclaim (Fed. R. Civ P. 15(a)(2)) within twenty-one days asserting the Lanham Act if it can articulate features of the website with specificity that do not fall within the purview of the Copyright Act.

## 2. Count IV – Washington Consumer Protection Act ("CPA")

Regarding defendant's/counter-plaintiff's state law claims, the parties agree that the Ninth Circuit has adopted a two-prong test to determine if such a claim is preempted by federal law: "A claim is preempted if: (1) the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106." *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F.Supp.2d 1240, 1247 (W.D. Wash. 2007) (*citing Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006)); *see also Kodadek v. MTV*

*Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (*citing* 17 U.S.C. § 301(a); 1 Nimmer, § 1.01[B] at 1-11). With respect to the second prong, the "mere presence of an additional element" for an asserted claim is not sufficient to avoid preemption. *Laws, supra*, 448 F.3d at 1144. As stated by the Ninth Circuit, the "extra element must transform the nature of the action." *Id.*

Plaintiff notes that defendant has incorporated all of its federal copyright claims into each of the state law counterclaims. Plaintiff argues that defendant merely has provided "a 'formulaic recitation of the elements of a cause of action' of the type specifically prohibited under *Twombly,* [*supra,* 550 U.S. 544]" (Motion, Dkt. 27, p. 6). Plaintiff also argues that defendant "has failed to claim any additional elements that change the underlying nature of the action" (*id.*). These arguments are persuasive.

Regarding the first prong of the Ninth Circuit test, plaintiff argues that defendant "has explicitly incorporated its copyright claims into each subsequent count, bringing them within the scope of § 102" (*id.* at pp. 6-7). The Court agrees that regarding defendant's state law claims, "the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103  . . . ." *Blue Nile, supra*, 478 F.Supp.2d at 1247 (*citing Laws*, *supra,* 448 F.3d at 1137-38). Defendant appears to concede this point, arguing only that the second prong of the test is not met (*see* Response, Dkt. 32, pp. 7-8).

The second prong of the Ninth Circuit test for preemption requires that "the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106." *Blue Nile, supra*, 478 F.Supp.2d at 1247 (*citing Laws*, *supra,* 448 F.3d at 1137-38).

1    Plaintiff cites *Kodadek* in support of its argument that because defendant incorporated

2    each and every allegation set forth in its copyright claim into its CPA claim, "the Court

3    should dismiss Count IV [CPA claim] because it is preempted under the Copyright Act"

4    (Motion, Dkt. 27, p. 8). *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th

5    Cir. 1998). In *Kodadek*, the Ninth Circuit noted that the state law claim of unfair

6    competition incorporated by reference all of the paragraphs from the copyright claim, and

7    found that it was clear that the state law claim was "based solely on rights equivalent to

8    those protected by the federal copyright laws." *Id.* at 1212-13. The court found that both

9    prongs of the preemption analysis were met and that the state claim was preempted. *Id.* at

10   1213 (citation omitted).

11

12        In a similar case before the Western District of Washington, the court concluded

13   that based on *Kodadek*, the "CPA claim is preempted because it incorporates the

14   copyright claims by reference and is therefore based on rights equivalent to those

15   protected by copyright." *Blue Nile, supra*, 478 F.Supp.2d at 1249. Defendant contends

16   that its CPA claim contains the extra element of "deception or misrepresentation" (*see*

17   Dkt. 32, p. 7). As in this case, in *Blue Nile*, the response to the motion to dismiss included

18   an assertion that the claim contained "'essential elements of deception, misrepresentation,

19   and public interest impact.'" *Id.* However, here, just as in *Blue Nile*, this fact "does not

20   change the underlying nature of the action in this case." *Id.* at 1249-50 (citations

21   omitted). As in *Blue Nile*, in the matter before this Court, the "gravamen of the action

22   here is [counter-] plaintiff's claim that [counter-] defendant copied portions of [counter-]

23   plaintiff's website." *Id.* at 1250 (citations omitted). This fact is demonstrated by

24

1   defendant's (counter-plaintiff's) indication in its Response that plaintiff "intended to reap

2   the benefits of [defendant's] success and acclaim through 'the sale of confusingly similar

3   products'" (Dkt. 32, p. 8). The "confusingly similar products" appear to reference the

4   mobile applications and/or websites described in the Counterclaims (Answer and

5   Counterclaims, Dkt. 20, ¶¶ 7, 8, 46).

6        For these reasons, as in *Blue Nile*, the Court here concludes that although the

7   elements of defendant's CPA claim may not be identical to the copyright claim, "'the

8   underlying nature of [defendant's] state law claim[] is part and parcel of a copyright

9   claim' for preemption purposes, and the Court finds that the additional allegations of

10  'deception, misrepresentation and public impact' do 'not change the underlying nature of

11  the action' of the CPA claim." *Blue Nile, supra*, 478 F.Supp.2d at 1250 (*citing Laws,*

12  *supra*, 448 F.3d at 1144).

13

14       It is possible that defendant, through its CPA claim, "attempts to incorporate

15  factual matter from the factual summary of the [counterclaims] that might otherwise

16  support a viable CPA claim," therefore, Count IV is dismissed without prejudice. *See*

17  *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1348 (W.D. Wash. 2014).

18  Again, defendant may file an amended counterclaim (Fed. R. Civ P. 15(a)(2)) within

19  twenty-one days alleging a CPA claim if it can do so by articulating a separate basis for

20  doing so.

21  //

22  //

23  //

24  //

### 3.  Count V - Common Law Unfair Competition and Count VI, Common Law Misappropriation

Similar to the discussion above, *see supra*, section 2, defendant incorporates the earlier paragraphs into its claims for common law unfair competition (Count V) and misappropriation (Count VI). Defendant also asserts that plaintiff's "aforementioned acts constitute unfair competition and unfair or deceptive trade practices under the common law" (Dkt. 20, ¶ 73) and that by "replicating [defendant's] design, [plaintiff] has misappropriated the substantial commercial value of the Design without the consent or authorization of [defendant] (*id.*, ¶77; *see also* ¶78).

As discussed with respect to Count IV, regarding the first prong of the Ninth Circuit test for Counts V and VI, plaintiff argues that defendant "has explicitly incorporated its copyright claims into each subsequent count, bringing them within the scope of § 102" (Dkt. 27, pp. 6-7). The Court agrees that regarding defendant's state law claims, "the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103  . . . ." *Blue Nile, supra*, 478 F.Supp.2d at 1247 (*citing Laws, supra,* 448 F.3d at 1137-38). Also as in the discussion regarding Count IV, with respect to Counts V and VI, defendant appears to concede this point, arguing only that the second prong of the test regarding equivalent rights is not met (*see* Response, Dkt. 32, pp. 8-9).

However, regarding this second prong of the test, defendant's argument that common law unfair competition "'involves the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market,'" does not establish an "extra element" necessary to avoid preemption by the Copyright Act (Dkt. 32, p. 8). For

the same rationale as described above, *see supra*, section 2, the Court concludes that "'the underlying nature of [defendant's] state law claim[] is part and parcel of a copyright claim' for preemption purposes . . . ." and the fact of a requirement of a sale of a confusingly similar product does "not change the underlying nature of the action" of the unfair competition claim. *See Blue Nile, supra*, 478 F.Supp.2d at 1250 (*citing Laws, supra*, 448 F.3d at 1144). Again, the gravamen of defendant's claim for unfair competition is that plaintiff copied portions of defendant's website. *See Blue Nile, supra*, 478 F.Supp.2d at 1250.  Therefore, Count V is dismissed without prejudice.

Similarly, although defendant contends that "common law misappropriation protects against competitive injury resulting from theft and the free-riding off of the efforts of another," the Court concludes that defendant has failed to establish the required "extra element" necessary to avoid preemption of this claim as well (Dkt. 32, p. 8 (citations omitted)). *See Blue Nile, supra*, 478 F.Supp.2d at 1250 (*citing Laws, supra*, 448 F.3d at 1144). Therefore, Count VI is dismissed without prejudice. Again, defendant may file an amended counterclaim (Fed. R. Civ P. 15(a)(2)) within twenty-one days alleging common law claims if it can do so by articulating the "extra element" that demonstrates separate causes of action.

//

//

//

//

//

1

CONCLUSION

2

Based on the stated reasons and the relevant record, the Court **ORDERS** that

3

plaintiff's Motion to Dismiss Counts II, IV, V, and VI be granted with leave to amend

4

counterclaims within twenty-one days.

5

Dated this 9th day of October, 2015.

6

7

8
J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24