THE HONORABLE J. RICHARD CREATURA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOUCHPOINT COMMUNICATIONS, LLC, an Oregon Limited Liability Company, <br>            Plaintiff, <br><br> vs. <br><br> DENTALFONE, LLC, a Florida Limited Liability Company <br>            Defendant | Case No.: 3:15-CV-05240-JRC <br><br> PLAINTIFF TOUCHPOINT COMMUNICATION, LLC'S REPLY TO THE OPPOSITION TO THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - COPYRIGHT NON INFRINGEMENT <br><br> NOTICE ON MOTION CALENDAR: December 11, 2015 <br><br> **ORAL ARGUMENT REQUESTED** |

## **REPLY BRIEF**

Plaintiff TOUCHPOINT COMMUNICATIONS, LLC, dba WEO Media ("WEO"), moves for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), and respectfully requests that this Court enter partial judgment in favor of WEO on it first cause of action – Declaratory Judgment of non-infringement under the Copyright Act.

I.      **WEO SHOULD BE GRANTED THE PARTIAL JUDGMENT ON PLEADINGS OF COPYRIGHT INFRINGEMENT UNDER THE HOLDING OF *MEDTRONIC, INC VS. BOSTON SCIENTIFIC CORP*, 571 U. S. _____ (2014)**.

In its moving papers, WEO argued that Copyright Infringement is a compulsory counterclaim to a declaratory judgment of noninfringement, and that partial judgment on the pleadings should be granted. (Dckt. 38).   Dentalfone, LLC ("DF") agrees that that such relief is procedurally correct, but disagrees that removal of the claim should have any effect.  (Opposition, Dckt. 41, pg 1).  WEO disagrees under the holding of *Medtronic Inc. v. Bos. Scientific Corp.*, 695 F.3d 1266 (Fed. Cir. 2012).

*Medtronic* was a patent case that involved two competitors, Medtronic and Boston Scientific.  (Dckt. 41) at 1.  *Medtronic* also involved  Mirowski Family Ventures, LLC, ("MFV"), a licensing entity related to the inventor.  *Id.*. Medtronic sued for declaratory judgment of non-infringement regarding several products that MFV claimed infringed their patents.  *Id.*.  A key issue in the litigation was which party bore the burden of proof regarding non-infringement.

At a bench trial, the trial court stated in its opinion regarding the burden of proof.

> ...*Under Sea Industries, Inc. v. Dacor Corp.,* 833 F.2d 1551, 1557 (Fed.Cir.1987), which states that "[t]he burden always is on the patentee to show infringement," and thus held that "[a]s the parties asserting infringement, defendants bear the burden of proof by a preponderance of the evidence." See *Medtronic*, 695 F.3d 1266 at 1272 (Fed. Cir. 2012)

The Federal Circuit disagreed.  Our Supreme Court reversed the Federal Circuit and agreed with trial court. *Medtronic, Inc. v. Bos. Scientific* Corp, 571 U.S. _____ (2014). Stating:

> "To shift the burden depending upon the form of the action could create postlitigation uncertainty about the scope of the patent. Suppose the evidence is inconclusive, and an alleged infringer loses his declaratory judgment action because he failed to prove noninfringement. The alleged infringer, or others, might continue to engage in the same allegedly infringing behavior, leaving it to the patentee to bring an infringement action. If the burden shifts, the patentee might *lose* that action because, the evidence being inconclusive, he failed to prove infringement. So, both sides might lose as to infringement, leaving the infringement question undecided, creating uncertainty among the parties and others who seek to know just what products and processes they are free to use."*Id* at 7-8."

DF has withdrawn its Copyright claim from its original cross-complaint by failing to plead the copyright claim in its First Amended Cross-complaint. ("FACC") What remains is the Declaratory Judgment claim for non-infringement and DF's answer. Since WEO does not have the burden of proof and DF only has affirmative defenses, the parties in this case are in the same position as the parties in *Medtronic*. This is because a compulsory counterclaim to a request for declaratory judgment of non-infringement is the counterclaim for infringement. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 802 (Fed. Cir. 1999).

Given the "historic kinship" between patent law and copyright law, there should be the same result whether it is patent infringement or copyright infringement. *Silvers v. Sony Pictures Entertainment, Inc.,* See 402 F.3d 881, 887 (9th Cir. 2005). Issues of noninfringement and declaratory judgment are almost identical in both areas of law.

The goal of a declaratory judgment action is to determine the respective rights of the parties, taking into consideration the Court's time and resources. FRCP §1. For DF's counsel to send threatening demand letters claiming copyright infringement to third party customers (costing WEO over $ 700,000.00 in lost business.) and then withdrawing the counterclaim of noninfringement by stating:

> "However, Dentalfone clarifies here that this decision is due in part to Dentalfone's belief that such a count, at this stage of the litigation, is premature because no copyright registration has been issued by the Copyright Office" Opposition at 1. [1]

DF's perfunctory statement is the legal equivalent of DF shrugging its shoulders and saying "no harm no foul.". Particularly when contrasted with the language in DF's demand letter copied to WEO's customer, Smiles Dental (Dckt 1,pg 20) :

> The purpose of this letter is to reiterate that your continued use of the Infringing Product constitutes infringement of Dentalfone's copyrights and trade dress rights in the Dentalfone Design. Moreover, inasmuch as Dentalfone has previously provided you with notice of such infringement, any continued use by you of the Infringing Product constitutes willful infringement of Dentalfone's Design.

In this case however, DF's actions caused significant harm to WEO.

---

[1] No copyright registration is needed to file an infringement action. See *Cosmetic Ideas, Inc. v. Iac/Interactivecorp.*, 606 F.3d 612,622 (9th Cir., 2010)

PLAINTIFF TOUCHPOINT COMMUNICATION, LLC'S REPLY TO THE OPPOSITION TO THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - COPYRIGHT NON INFRINGEMENT

DF has waived its compulsory counter claim by failing to replead it in the FACC  and as such WEO the Court should enter declaratory judgment on thecopyright infringement issue.

## II.    <u>CONCLUSION</u>

DF has withdrawn its claim for copyright infringement in its First Amended Cross Complaint. Thus,DF no longer considers WEO an infringer. Therefore, this Court should grant WEO's motion for partial judgment on the pleadings on WEO's first cause of action for declaratory relief for noninfringement of DF's copyrights.

Dated: December 11, 2015          Respectfully Submitted,


/s/ J. Curtis Edmondson

J. Curtis Edmondson (WA SBN 43795)
Attorney for Touchpoint Communications, LLC
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro OR   97124
T:  503.336.3749
F:  503.482.7418
E:  jcedmondson@edmolaw.com
W: www.edmolaw.com



/s/ Darian Stanford

Darian Stanford (WA SBN 44604)
Attorney for Touchpoint Communications, LLC
Slinde Nelson Stanford
111 Southwest 5th Avenue Suite 1940
Portland, OR 97204
866.280.7562
darian@slindenelson.com
www.slindenelson.com

PLAINTIFF TOUCHPOINT COMMUNICATION, LLC'S REPLY TO THE OPPOSITION TO THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - COPYRIGHT NON INFRINGEMENT