UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOUCHPOINT COMMUNICATIONS, LLC, an Oregon Limited Liability Company, d/b/a WEO MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DENTALFONE, LLC, a Florida Limited Liability Company,<br><br>Defendant. | CASE NO. 3:15-cv-05240-JRC<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

This matter is before the Court on plaintiff's motion for partial judgment on the pleadings and has been fully briefed (*see* Dkts. 38, 41, 45, 49, 50, 51).

The Court, and defendant, acknowledge that defendant has withdrawn its compulsory counterclaim for copyright infringement in its Answer to plaintiff's Complaint. However, defendant notes that it has a pending copyright application and therefore, it wishes to retain the ability to assert such counterclaim later and, at oral

argument, claimed for the first time that this Court lacks subject matter jurisdiction to decide plaintiff's declaratory action.

This Court concludes that since defendant has filed an application for copyright registration at the Copyright Office and, therefore, has the right to bring a copyright infringement action now, plaintiff should also have the right to bring a coercive action for declaratory relief and claim that defendant's claimed copyright was not infringed. Therefore, this Court has subject matter jurisdiction to decide the issue.

The Court grants plaintiff's motion for partial judgment on the pleadings with respect to plaintiff's claim for declaratory judgment of non-infringement under the Copyright Act (Count I), but this ruling is without prejudice, pending the outcome of defendant's copyright application.

BACKGROUND

The following background information is taken from the parties' COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (*see* Dkt. 17, p. 2).

Plaintiff, TOUCHPOINT COMMUNICATIONS, LLC *d/b/a* WEO MEDIA, LLC ("WEO"), is an Internet dental marketing company that conducts business in the State of Washington, and is registered as "Touchpoint Communications, LLC" *d/b/a* WEO Media. Touchpoint Communications, LLC is also registered and operates as WEO Media, LLC in the State of Oregon.

Defendant, DENTALFONE, LLC, is an internet dental marketing company that conducts business in the State of Washington, and is organized in the State of Florida.

Dentalfone sent WEO a cease and desist letter dated November 25, 2014, alleging, *interalia*, copyright and trade dress infringement of Dentalfone's proprietary mobile application design. Dentalfone never received any response from WEO. Dentalfone sent WEO a follow-up letter dated March 4, 2015, a copy of which was also sent to Washington based "Smiles Dental" as an alleged infringer of Dentalfone's rights. Once more, Dentalfone did not receive any substantive response. Dentalfone states that it filed an application for copyright protection with the Copyright Office, but has not received a response to that application, as yet.

Plaintiff WEO initiated the subject case by filing a complaint for declaratory judgment alleging that it has not infringed Dentalfone's copyrights and further that defendant Dentalfone has no copyrights in Dentalfone's mobile application design. In addition, WEO alleges that it has not infringed Dentalfone's trade dress related to its mobile application design and further that Dentalfone has no trade dress rights in Dentalfone's mobile application design. Plaintiff also alleges that Dentalfone has engaged in unfair trade practices by attempting to unfairly remove competition from the marketplace through Dentalfone's cease and desist letter to WEO, and follow-up letter to WEO and Smiles Dental. WEO further alleges that when Dentalfone contacted Smiles Dental, it tortuously interfered with the business relationship of WEO and one of WEO's customers.

PROCEDURAL HISTORY

Plaintiff filed its complaint on April 15, 2015 (*see* Dkt. 1) and its Amended Complaint on April 16, 2015 (*see* Dkt. 5). Defendant filed its Answer to Amended

Complaint with Jury Demand, and Counterclaim against plaintiff on July 27, 2015 (*see* Dkt. 20). On August 14, 2015, plaintiff filed a motion to dismiss in part defendant's counterclaim for failure to state a claim, regarding Counts II, IV, V and VI (*see* Dkt. 27). On October 9, 2015, this Court granted plaintiff's motion, however defendant was given leave to amend the counterclaim within 21 days (Dkt. 35). In part, the Court concluded that "because defendant claims copyright protection for the same design that entails its trade dress, and has not demonstrated the absence of an adequate remedy based on copyright law, this Court 'declines to expand the scope of the Lanham Act to cover [defendant's trade dress claim herein] [for] which the Federal Copyright Act [may] provide[] an adequate remedy'" (*see id.* at 8 (citations omitted)). The Court also concluded "that regarding defendant's state law claims, 'the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103 . . . ;' [that] the underlying nature of [defendant's] state law claim [] is part and parcel of a copyright claim' for preemption purposes, and the Court finds that the additional allegations of 'deception, misrepresentation and public impact' do 'not change the underlying nature of the action' of the CPA claim" (*id.* at 9, 11 (citations omitted)). Similarly, the Court concluded that "the gravamen of defendant's claim[s] for unfair competition [and] [common law misappropriation] [are] that plaintiff copied portions of defendant's website" (*id.* at 13 (citations omitted)).

On October 30, 2015, defendant filed its answer to the amended complaint, with amended counterclaims against plaintiff (Dkt. 36). This time, defendant did not include a counterclaim for copyright infringement, "in favor of more ripe counts of trade dress

infringement, violations of unfair competition law and state misappropriation, as it has not yet received a copyright registration for its design" (Dkt. 41, p. 5). Nevertheless, defendant concedes that it has filed an application for copyright protection with the Copyright Office and is awaiting a response (Dkt. 49, p. 2).

On November 13, 2015, plaintiff filed a motion for partial judgment on the pleadings with respect to its count for copyright non-infringement (Dkt. 38). Defendant filed a response on December 7, 2015 (*see* Dkt. 41), and plaintiff filed its reply on December 11, 2015 (*see* Dkt. 45).

At oral argument, defendant raised for the first time the argument that this Court lacked subject matter jurisdiction to decide plaintiff's declaratory relief action for noninfringement because such a claim was premature since the Copyright Office has not issued a copyright registration. The Court requested additional briefing on this issue (Dkt. 48), which the parties provided (Dkt. 49-51).

## STANDARD OF REVIEW

Plaintiff has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999) (citation omitted). For purposes of ruling on this motion, the complaint is construed in favor of the non-moving party. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citations omitted).

DISCUSSION

1. Subject Matter Jurisdiction.

Subject matter jurisdiction can be raised at any time. *See Intercontinental Travel Mktg., Inc. v. F.D.I.C.,* 45 F.3d 1278, 1286 (9th Cir. 1994); *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). While defendant did not choose to raise the issue until oral argument, the matter has now been fully briefed by the parties (Dkt. 49-51). Therefore, it is ripe for resolution.

Plaintiff's declaratory relief claim for non-infringement is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Nevertheless, the subject of the declaratory action involves defendant's claimed right under the Copyright Act, Title 17 of the United States Code. While 17 U.S.C. § 411 states, in part, that registration of copyright is a pre-condition to filing a claim, the Supreme Court in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), held that the registration requirement "does not restrict a federal court's subject-matter jurisdiction." *Id.* at 157. Specifically, the Court was reviewing whether or not settlement of a class action claim could directly affect members of the class who had not registered for copyright protection. The Court ruled that subject matter jurisdiction involved "a Court's adjudicatory authority," and that this should be distinguished from "claim-processing rules" such as § 411. *Id.* at 160-61. The Court held that subject matter jurisdiction existed even though certain class members had not applied for registration under § 411. *Id.* at 169.

Defendant argues that the Court lacks subject matter jurisdiction because defendant has not filed a copyright claim even though defendant concedes that it places

"alleged infringers of unregistered copyrights in an awkward position" (Dkt. 49, p. 7). Defendant states that this is not a case of first impression in the Ninth Circuit, and cites the district court opinion of *Optivue Corp. v. Carl Zeiss Meditec, Inc.*, 2007 U.S. Dist. LEXIS 65647 at *2-3 (N.D. Cal. Aug. 20, 2007) (unpublished opinion). That case is unpersuasive for several reasons.

First, it was decided before the Supreme Court decided *Reed Elsevier Inc. v. Muchnick*, 559 U.S. 154 (2010), which clearly held that the court has subject matter jurisdiction over copyright claims despite the lack of copyright registration.

Second, after *Reed* was decided, the Ninth Circuit has clarified that this Circuit will allow copyright cases to proceed so long as the claimed holder of the copyright had applied for copyright protection with the Copyright Office. The claimed holder of a copyright does not have to wait until the copyright is fully registered. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp,* 606 F.3d 612, 621 (9th Cir. 2010).

Third, in defendant's cited case, *Optivue Corp. v. Carl Zeiss Meditec, Inc.*, 2007 U.S. Dist. LEXIS 65647 at *12, the defendant had not "registere[d] the copyright, [which] prevent[ed] it from bringing any suit for infringement." *Id.* This fact supported the court's conclusion that "any apprehension of infringement litigation is too remote to support a claim under the declaratory judgment act." *Id.* Defendant herein not only has filed an application for copyright protection, which under current law allows it to bring a suit for infringement, but also, as will be discussed further below, has sent cease and desist letters to plaintiff which clearly support plaintiff's "apprehension of infringement

litigation." *Id.* Plaintiff's apprehension of infringement litigation here is not so remote as to deprive the Court of jurisdiction. *See id.*

Finally, while *Reed* and *Cosmetic Ideas, Inc.* involved cases brought by claimed holders of the copyright, rather than claimed infringers of the copyright, this Court can discern no reason why the same analysis should not apply to coercive actions brought by claimed infringers, as well. As noted by the court in *Cosmetic Ideas, Inc.,* the language of § 411 is unclear. 606 F.3d at 618. When the statute is unclear, the court should work to discern the meaning of the statute in "'the broader context of the statute as a whole' and the purpose of the statute.'" *Id.* (*quoting United States v. Olander,* 572 F.3d 764, 768 (9th Cir.2009); *quoting Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997)). The court noted that allowing a party to file a claim upon filing an application "avoids . . . legal limbo—and avoids prolonging the period of infringement—by allowing a litigant to proceed with an infringement suit as soon as he has taken all of the necessary steps to register the copyright at issue." *Id.* at 620. The same can be said for not depriving the alleged copyright infringer the opportunity to resolve the issue in a timely manner by bringing a coercive action under the Declaratory Relief Act. Since defendant would have a right to file a claim at this time, plaintiff should also have such a right so long as an "actual controversy" exists, as required under the Declaratory Relief Act.

Defendant also argues that an actual controversy does not exist until and unless defendant's copyright is registered, but that argument, as well, is unpersuasive, especially in the factual context presented here. "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which

a harassing adversary might brandish while initiating a suit at his leisure – or never." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F. 2d 1542, 1555 (9th Cir. 1990) (*quoting Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d 938, 943 (9th Cir. 1981)). This case is a perfect example of such a Damoclean threat. Plaintiff alleges that it is continuing to suffer losses as a result of defendant's threat of copyright litigation. Yet, defendant has chosen not file a copyright claim, leaving plaintiff in limbo – a result clearly not countenanced in *Hal Roach Studios, Inc.*. Nor should it be here.

Furthermore, in this case, as opposed to *Opotovue Corp.,*, *supra,* 2007 U.S. Dist. LEXIS 65647, defendant made it quite clear that if plaintiff did not cease and desist in its course of action defendant "shall have to resort to all legal recourse available to it" (Dkt. 20, Ex. F). When plaintiff failed to respond, defendant sent a second letter to plaintiff, with a copy to one of plaintiff's customers stating that "In the event we fail to hear from you, we will vigorously pursue appropriate legal remedies" (Dkt. 20, Ex. F). Plaintiff had a reasonable apprehension of suit; therefore, an actual controversy exists in this matter.

Plaintiff has subject matter jurisdiction to pursue a declaratory relief claim for non-infringement of defendant's claimed copyright even though defendant has chosen not pursue its compulsory counterclaim for copyright infringement.

2. <u>Dismissal without prejudice.</u>

As noted by the Federal Circuit, "Fed. R. Civ. P. 13(a) requires that a party plead a counterclaim that 'arises out of the transaction or occurrence that is the subject matter of

the opposing parties claim,' lest the subject of the counterclaim be deemed waived or abandoned." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 801 (Fed. Cir. 1999). Plaintiff contends that a counterclaim for copyright infringement is a compulsory counterclaim when a party is faced with a complaint containing a count for declaratory non-infringement (Dkt. 45, p. 3 (*citing Vivid Techs., supra,* 200 F.3d at 801-02 ("every court that has discussed the issue has recognized that an infringement counterclaim is compulsory in an action for declaration of non-infringement" of a patent) (collecting cases)); *see also* Dkt. 45, p. 3 ("Given the 'historic kinship between patent law and copyright law,' there should be the same result whether it is patent infringement or copyright infringement" (*citing Silvers v. Sony Pictures Entertainment, Inc.,* 402 F.3d 881, 887 (9th Cir. 2005))).

Defendant does not dispute that a counterclaim for copyright infringement is a compulsory counterclaim that is required to defeat a claim for declaratory non-infringement and concedes that it voluntarily has chosen to withdraw its compulsory counterclaim for copyright infringement in its Answer to plaintiff's Complaint containing a claim for declaratory non-infringement (*see* Dkt. 41, p. 1 ("[defendant] concedes that it has not alleged the compulsory counterclaim of copyright infringement to [plaintiff]'s Declaratory Judgment Complaint")). Therefore, defendant does not dispute plaintiff's right to judgment on the claim for declaratory non-infringement and "concedes to partial judgment on the copyright non-infringement issue" (*id.* at 4). Therefore, plaintiff's motion for judgment on the pleadings should be granted.

However, defendant notes that it has a pending copyright application and argues that it should be able to retain the ability to assert such counterclaim for copyright infringement later, in part because "at this stage of the litigation [a counterclaim for copyright infringement] is premature because no copyright registration has been issued by the Copyright Office. . . . and [defendant's] trade dress and state law counts are more ripe for litigation in the pending matter " (*id.* at 1-2).

Defendant "requests that any judgment or dismissal be without prejudice to [defendant] revisiting the issue should a registration be issued by the U.S. Copyright Office in the future, provided any future count of copyright infringement does not interfere with litigation of the presently pending trade dress and state law counts" (*id.* at 4-5). The Court agrees that it is relevant that a copyright application currently is pending, and notes that if it is granted, defendant may wish to assert a copyright infringement claim as opposed to the other claims in its counterclaim.

Defendant has not brought a counterclaim for copyright infringement in favor of other "more ripe" claims (*id.* at 1-2). This may be due in part to the possibility that defendant may not receive a copyright regarding the website at issue. However, if the Copyright Office grants a copyright in the future, such would entail "changed circumstances" that potentially would justify revisiting this issue, and justify defendant bringing a counterclaim for copyright infringement. *Cf. Royal Ins. Co. of Am., Inc. v. KTA-Tator, Inc.*, 239 Fed. Appx. 722, 724-25, 2007 U.S. App. LEXIS 12489 *5-*6 (3d Cir. 2007) (unpublished opinion) ("by granting [defendant's] summary judgment motion without prejudice, and expressly inviting [plaintiff and the other defendant] to return in

the event of 'changed circumstances,' the court did not end the matter") (citations omitted).

The Court notes that this case currently is at a very early stage in the proceedings, and that discovery has just begun. In addition, the Court also notes that defendant does not concede that plaintiff has not infringed its copyrightable material, hence factual issues remain on this claim (*see* Defendant's Answer, Affirmative Defenses and Amended Counterclaims to Plaintiff's Amended Complaint, Dkt. 36, ¶¶ 30-34). There exists a disconnect between the facts in the pleadings and the general standard that a motion for judgment on the pleadings should be granted where the pleadings lead only to one result. *See, e.g.*, *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997) ("A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law") (*quoting McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). Finally, the Court notes that plaintiff has not identified, and the Court has not found, any case on point where a party has been granted a motion for judgment on the pleadings with prejudice in the circumstances presented herein.

Therefore, for these reasons, the Court concludes that the motion for judgment on the pleadings should be granted without prejudice.

//

//

//

//

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that plaintiff's motion for judgment on the pleadings with respect to Count I be granted without prejudice.

Dated this 10th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge