J. Curtis Edmondson WSBA No. 43795
curtis@slindenelson.com
Darian A. Stanford, WSBA No. 44604
darian@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Ste 1940
Portland, OR 97204
Phone: 503-417-7777
Fax: 503-417-4250
Plaintiff

Ana-Maria Popp, WSBA No. 39614
Cairncross & Hempelmann
524 Second Avenue,  Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
E-mail: apopp@cairncross.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOUCHPOINT COMMUNICATIONS, LLC, an Oregon limited liability company,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>DENTALFONE, LLC a Florida limited liability company<br><br>                                    Defendant. | Case No.  3:15-cv-05240-JRC<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

Page 1 – STIPULATED PROTECTIVE ORDER

parties acknowledge that this agreement is consistent with LCR 26(c). This does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL MATERIAL"

"Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged: including, but not limited to, corporate financials (and related documents), communications with customers, confidential communications[1], intellectual property filings and disclosures to patent, copyright, and/or trademark attorneys or respective governmental authorities, customer lists, and sales documents[2].

## 3. SCOPE

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

---

[1] Shall be limited to internal communications related to: proprietary software, software code, product design, product research and development, algorithms; marketing surveys, sales techniques, customer lists; and, company financial information, company strategy.

[2] Shall be limited to customer lists, internal evaluations and/or analysis of sales data, and any other personal identification information such as social security numbers, date of birth, and employer identification numbers.

Page 2 – STIPULATED PROTECTIVE ORDER

# 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 <u>Basic Principles</u>. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of Information Constituting Confidential Material.</u>  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

Page 3 – STIPULATED PROTECTIVE ORDER

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Filing Confidential Material. Before filing Confidential Material or discussing or referencing Confidential Material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5

(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Page 4 – STIPULATED PROTECTIVE ORDER

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction

Page 5 – STIPULATED PROTECTIVE ORDER

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

### 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

Page 6 – STIPULATED PROTECTIVE ORDER

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

Page 7 – STIPULATED PROTECTIVE ORDER

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1    order or agreement that provides for production without prior privilege review. Parties shall
2    confer on an appropriate non-waiver order under Fed. R. Evid. 502.

3

4        10. **NON-TERMINATION AND RETURN OF DOCUMENTS**

5        Within 60 days after the termination of this action, including all appeals, each receiving
6    party must return all Confidential Material to the producing party, including all copies, extracts
7    and summaries thereof.   Alternatively, the parties may agree upon appropriate methods of
8    destruction.

9        Notwithstanding this provision, counsel are entitled to retain one archival copy of all
10   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
11   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
12   work product, even if such materials contain confidential material.

13       The confidentiality obligations imposed by this agreement shall remain in effect until a
14   designating party agrees otherwise in writing or a court orders otherwise.

15

16       **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

17       DATED: June 7th, 2016_____    _____/s/J. Curtis Edmondson___

18                                        Attorneys for Plaintiff
19                                        J. Curtis Edmondson WSBA No. 43795
                                          curtis@slindenelson.com
20                                        SLINDE NELSON STANFORD
                                          111 SW Fifth Avenue, Ste 1940
21                                        Portland, OR 97204

22

23       DATED: June 7th 2016_____    _____/s/ Ana-Maria Popp_____

24                                        Attorneys for Defendant
                                          Ana-Maria Popp, WSBA No. 39614
25                                        524 Second Avenue, Suite 500
                                          Seattle, WA  98104-2323
26                                        E-mail: apopp@cairncross.com

Page 8 – STIPULATED PROTECTIVE ORDER

1

2   ///

3   ///

4   ///

5   DATED: June 7th, 2016_____   _____/s/ Gary C. Adler_____

6                                                    Attorneys for Defendant

7                                                    Gary C. Adler (Admitted pro hac vice)
                                                     CLARK HILL PLC

8                                                    601 Pennsylvania Avenue NW
                                                     North Building, Suite 1000

9                                                    Washington DC  20004
                                                     E-mail: gadler@clarkhill.com

10

11

12   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

13   DATED: June 8, 2016

14

15                                                    J. Richard Creatura
                                                      United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

Page 9 – STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## EXHIBIT A

## ACKNOWLEDMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read the Stipulated

Protective Order in its entirety and understand that the contents and restrictions set forth herein

was issued by the United States District Court for the Western District of Washington on [date]

in the case of TOUCHPOINT COMMUNICATIONS, LLC v. DENTALFONE, LLC, Case No.

3:15-cv-05240-JRC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to comply shall expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Page 10 – STIPULATED PROTECTIVE ORDER